**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1041-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MATTHEW I. GRAHAM,

     Defendant-Appellant.

_____

> Argued November 13, 2018 – Decided November 27, 2018
>
> Before Judges Haas and Sumners.
>
> On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Municipal Appeal No. 15-032.
>
> Matthew I. Graham, appellant, argued the cause pro se.
>
> Melinda A. Harrigan, Assistant Prosecutor, argued the cause for respondent (Damon G. Tyner, Atlantic County Prosecutor, attorney; Melinda A. Harrigan, of counsel and on the brief).

PER CURIAM

Following a trial de novo in the Law Division, the trial judge found defendant guilty of failing to show his insurance identification card to a police officer in violation of N.J.S.A. 39:3-29, and ordered him to pay a $150 fine. We affirm.

At approximately 11:30 a.m. on August 15, 2015, Officer Nick Stewart was on patrol when he saw defendant driving his car toward him. As defendant drove past, the officer saw that defendant did not have a front license plate on his car as required by N.J.S.A. 39:3-33. Officer Stewart turned his patrol car around to follow defendant, activated the overhead lights, and initiated a motor vehicle stop.

Officer Stewart approached defendant's car and asked for his license, registration, and insurance identification card. Defendant gave the officer his license and registration, but did not produce the insurance card. Officer Stewart testified that as he was speaking to him, defendant started "rummaging through a pile of garbage on the passenger floorboards." Concerned for his safety, the officer "told [defendant] to stop rummaging through the garbage." Officer Stewart then gave defendant a citation for violating N.J.S.A. 39:3-29.

Defendant testified that Officer Stewart only asked him for his license during the stop. Defendant claimed he told the officer he also had his

registration and insurance card, but the officer said, "You don't have to show me your insurance information."

Defendant alleged that Officer Stewart then "went to his vehicle, exited his vehicle approximately [five] to [seven] minutes later, came back to me, and gave me a ticket for not giving him insurance information, and he stood there laughing like Eddie Haskell, like I never saw anything like it before in my life." Defendant asked that a police supervisor come to the scene, and defendant later went to the police station to file a complaint against Officer Stewart. However, defendant never produced an insurance card to Officer Stewart, the supervisor, or anyone at the station.

The municipal court judge found that Officer Stewart's testimony was credible, while defendant's contrary claims were not. Accordingly, he found defendant guilty of violating N.J.S.A. 39:3-29. Following his de novo review in the Law Division, Judge Rodney Cunningham rendered a detailed oral decision, accepted the municipal court judge's credibility findings, and found defendant guilty of failing to produce his insurance card. The judge stated:

> I'm going to deny [defendant's] appeal at this point and find that [the] State did prove beyond a reasonable doubt that there was a failure to provide the insurance card, consistent with the New Jersey statute [N.J.S.A. 39:3-29]. Once again, . . . it must be proved beyond a reasonable doubt a defendant was operating vehicle on

3

a roadway within the [S]tate; [and] 2, he was requested by an officer while in the performance of his duties to produce his insurance identification card and that he failed to do so.

I find that the State did prove that beyond a reasonable doubt based upon my review of the transcript from the October 6, 2015 [municipal court] proceeding. In that proceeding, the [m]unicipal [c]ourt judge heard testimony coming from Officer Stewart as to the incident in question. It clearly established that [defendant] was operating a motor vehicle on the roadway in Galloway within the State of New Jersey on the date in question, August 15, 2015. There was also testimony at that [m]unicipal [c]ourt proceeding coming from [defendant], himself, that he was operating the vehicle. That established the first element of the offense, failure to produce an insurance card.

At the [m]unicipal [c]ourt level, there was testimony coming from Officer Stewart that, while in the performance of his duty, he did ask [defendant] to produce that insurance card. And although there was testimony to the contrary coming from [defendant], the [m]unicipal [c]ourt judge determined that he found Officer Stewart to be credible and that the request was made for, not only the license, not only the registration, but also for the insurance card.

The judge continued:

There's no testimony of producing the insurance card at that time of the initial stop that Officer Stewart is there; production of the insurance card once [the supervisor] Officer Houck gets there a little bit later; no indication of testimony of the insurance card being provided even when [defendant] gets to the Galloway Police Department . . . to file this complaint, which is attached

4

in the brief. There's still no testimony even at that point that [defendant] provided the insurance card.

This appeal followed.

On appeal, defendant raises the following contentions:

A.  TRIAL COURT ERRED-THE PROSECUTOR & JUDGE INTENTIONALLY DISREGARDED THE COPS [SIC] OWN ADMISSION THAT HE NEVER ALLOWED ME TO TOUCH THE CARD, LET ALONE EX[H]IBIT IT!

B.  THE COP ACCIDENTALLY & FOOLISHLY ADMITS TO ACTUALLY BEING BEHIND MY CAR WHEN HE MADE HIS INITIAL OBSERVATION TO PULL ME OVER FOR A MISSING FRONT TAG . . . HE HAD NO PROBABLE CAUSE TO MAKE THE STOP BASED ON HIS INABILITY TO SEE THE FRONT OF THE CAR IF HE WAS ACTUALLY BEHIND IT!

C.  EVERY REASON THE APPEALS' JUDGE GIVES FOR DENYING MY APPEAL IS BASELESS, MAKES NO SENSE, & ISN'T EVEN SUPPORTED BY ANY EVIDENCE IN EITHER MY BRIEF OR THE PROSECUTOR'S, OR THE TRANSCRIPT. . . .

D.  THERE IS NO EVIDENCE IN THE RECORD TO FIND THE COP ANY MORE CREDIBLE THAN THE DEFENDANT. ON THE CONTRARY, ALL EVIDENCE PROVES THE CONTRARY AND THAT BOTH PROSECUTORS THAT REPRESENT HIM ARE ALSO ASSISTING HIM IN PERJURY & BEING DECEPTIVE!

Having considered these contentions in light of the record and the applicable law, we conclude they are without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth in Judge Cunningham's thorough oral opinion. We add the following brief comments.

When the Law Division conducts a trial de novo on the record developed in the municipal court, "[o]ur review is limited to determining whether there is sufficient credible evidence present in the record to support the findings of the Law Division judge, not the municipal court." State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005) (citing State v. Johnson, 42 N.J. 146, 161-62 (1964)). Because the Law Division judge is not in a position to judge the credibility of witnesses, he or she should defer to the credibility findings of the municipal court judge. Ibid. (citing State v. Locurto, 157 N.J. 463, 474 (1999)).

Furthermore, when the Law Division agrees with the municipal court, the two-court rule must be considered. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Reece, 222 N.J. 154, 166 (quoting Locurto, 157 N.J. at 474).

Having considered defendant's contentions concerning the sufficiency of the evidence in light of the record and the applicable legal principles, we discern no basis to disturb the findings and conclusions contained in Judge Cunningham's thoughtful oral opinion. His analysis of the issues, including his deference to the municipal court judge's detailed credibility findings, was comprehensive and correct.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION